**FILED**
**Mar 30, 2026**
**07:24 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **TRAVIS GRAY,** | **Docket No. 2024-20-3513** |
|     **Employee,** | |
| **v.** | |
| **LECLERC FOODS USA** | |
| **INCORPORATED,** | **State File No. 10267-2023** |
|     **Employer,** | |
| **and** | |
| **GREAT AMERICAN ALLIANCE** | |
| **INSURANCE COMPANY,** | **Judge Brian K. Addington** |
|     **Carrier.** | |

## EXPEDITED ORDER

Travis Gray sought an order to replace Dr. Jody Helms on a neurosurgeon panel or for treatment from the Shepherd Center or Vanderbilt. Leclerc argued that Mr. Gray did not have valid grounds to exclude Dr. Helms from the panel. After an expedited hearing on March 24, 2026, the Court denies Mr. Gray's request.

### Claim History

Leclerc did not initially honor a neurosurgeon referral due to a causation dispute. But eventually, Leclerc furnished two neurosurgeon panels that Mr. Gray rejected because doctors were affiliated in practice or not all the doctors were neurosurgeons. However, Leclerc then offered a third panel with three neurosurgeons not affiliated in practice.

Yet Mr. Gray rejected the third panel, too, since it contained Dr. Helms, whom Mr. Gray believes has a conflict of interest. Dr. Helms practices at Highlands Neurosurgery, which performed some of Mr. Gray's previous diagnostic testing. And Mr. Gray was originally referred there, but Leclerc refused to authorize the referral at the time because of the causation dispute.

Mr. Gray requested Dr. Helms' replacement on the panel or an order for treatment at Shepherd Center or Vanderbilt. Leclerc argued that the panel was proper.

## Findings of Fact and Conclusions of Law

To obtain the requested benefits, Mr. Gray must show a likelihood of proving at a hearing on the merits that he is entitled to a new panel. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Under Tennessee Code Annotated Section 50-6-204(a)(3)(A)(i), the employer provides a panel but chooses the doctors on the panel. *Patterson v. Prime Package & Label Co., LLC,* No, M2013-01527-WC-R3-WC, 2014 Tenn. LEXIS 1037, at *6 (Tenn. Workers' Comp. Panel Dec. 22, 2014).

Here, Mr. Gray objected to Dr. Helms being on the panel, but his assertions are personal in nature and not about qualifications. He is unlikely to succeed at a hearing on the merits in replacing Dr. Helms on the panel. Also, because no physician has directly referred him to the Shepherd Center or to Vanderbilt, the Court denies his request to order treatment at one of those facilities.

**THEREFORE, it is ORDERED AS FOLLOWS:**

1. Mr. Gray's request for a new panel and treatment at the Shepherd's Clinic or Vanderbilt is denied.
2. The parties are required to attend a telephonic status hearing on **June 4, 2026, at 10:00 a.m. Eastern Time**. The parties shall call **855-543-5044** to attend.

**ENTERED MARCH 30, 2026.**

Brian K. Addington

_____
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

# **Appendix**

Exhibits:

1. Affidavit of Travis Gray (March 2, 2026)
2. Affidavit of Travis Gray (March 13, 2026)
3. Employee's Choice of Physician Medical Panel (Collective)
4. Medical Records-Ballad Health
5. Medical Records-HMG Urgent Care
6. Dr. John Phillip's Referral Order (September 14, 2023)
7. Dr. John Phillip's Referral Order (May 8, 2025)
8. Dr. John Phillip's Referral Order (August 14, 2025)
9. Medical Records-Associated Neurologists of Kingsport
10. Dr. Paul Birinyi's Independent Medical Examination Report
11. Correspondence by Dr. Ken Smith
12. Rule 72 Declaration of Jim Nash

## **CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on March 30, 2026.

| Name | Email | Service sent to: |
|------|-------|------------------|
| Frank Slaughter, Employee's Attorney | X | flsjrlaw@yahoo.com |
| Connor Sestak, Employer's Attorney | X | csestak@morganakins.com<br>nakins@morganakins.com<br>plunny@morganakins.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*